SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN
JEFFREY L. WIDMAN (*Admitted Pro Hac Vice*)
321 North Clark Street, Suite 800
Chicago, IL 60610
Telephone:  (312) 541-0151
Facsimile:  (312) 275-0557
jlwidman@shawgussis.com

*Attorneys for Defendant R.R. Donnelley & Sons Company*

Robert Whyte (SBN 130021)
Christina Dondero (SBN 230616)
NIESAR & WHYTE, LLP
90 New Montgomery Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 882-5300
Facsimile:  (415) 882-5400

*Attorneys for Plaintiff/Counter-defendant Picketfence, Inc. d/b/a SandBox Studio*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PICKETFENCE, INC., a California corporation doing business as SANDBOX STUDIO,<br><br>Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY, a Delaware corporation, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. C 07-1551 JL<br><br>**STIPULATION FOR PROTECTIVE ORDER RELATING TO DISCOVERY AND [PROPOSED] ORDER** |

    Pursuant to an agreement between Plaintiff, PICKETFENCE, INC. d/b/a SANDBOX

STUDIO ("SandBox") and Defendant, R.R. DONNELLEY & SONS CO., ("Donnelley"), the

{5931 ORD A0200639.DOC}

Court hereby enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(7):

1.  Certain documents, information or things to be produced in this matter in response to a subpoena or discovery request by a party (the "Requesting Party") may contain confidential or commercially sensitive information.  Any person or entity, including non-parties, producing such documents (the "Producing Party") may mark such documents as "Confidential" and those documents shall be treated as "Confidential Documents" at the time of their production or disclosure in this action.  If any party contends that that any documents marked "Confidential" should not be treated as such, it shall notify the Producing Party of its objection in writing within ten business days of receipt of said documents.  If the parties are unable to reach agreement, the Producing Party shall file a motion with the Court within five days of the party's objection to the Confidential designation to resolve the issue.

2.  The parties, deponents and trial witnesses and their respective counsel may use the Confidential Documents solely for the purposes of the captioned proceedings, and may provide access to the Confidential Documents to the following persons on the following terms and conditions:

a.  To Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

b.  Clerical personnel and paralegal assistants employed by counsel;

c.  Employees of outside copy services used to make copies of discovery materials;

d.  Consulting Experts, pursuant to Fed.R.Civ.P. 26(b)(4)(B), provided, however that any party who provides Confidential Documents to a Consulting Expert will obtain,

1   a written acknowledgment from the Consulting Expert in the form of Exhibit A, in which that

2   expert agrees to be bound by the terms, and liable for any breach, of this Stipulated Protective

3   Order Regarding Discovery;

4

5           e.      Such other persons (including experts and their staffs) as may hereafter be

6   qualified to receive the Confidential Documents pursuant to the provisions of Paragraph 3 of this

7   Order; and

8

9           f.      Such other parties to these proceedings as may hereafter be qualified to

10  receive the Confidential Documents pursuant to the provisions of Paragraph 4 of the Order.

11          3.      In addition to the persons defined in the preceding paragraph, any other person,

12  for example, an expert witness, who is reasonably necessary to assist any party or counsel of

13  record in the preparation for any hearing in or trial in these proceedings, may be qualified to have

14  access to Confidential Documents through the following procedures:

15

16          a.      The Requesting Party or his/its counsel shall submit to the Producing

17  Party a written statement setting forth the name of such proposed person(s), his or her

18  occupation, and business address;

19

20          b.      Unless the Producing Party notifies the Requesting Party or his/its counsel

21  of any objection within five (5) business days after receipt of the submission of the written

22  statement, such person shall thereafter be allowed to have access to Confidential Documents

23  pursuant to the terms and conditions of this Order;

24

25

26          c.      Should the Producing Party timely notify the Requesting Party or his/its

27  counsel of its objection to any such proposed person, which objection shall be made in good faith

28  and on reasonable grounds, that party shall refrain from any disclosure of Confidential

{5931 ORD A0200639.DOC}

3

Documents to such person until the objection has been resolved between the Requesting Party and the Producing Party or ruled upon by the Court upon motion, which shall be filed by the Producing Party within three (3) business days of the objection;

       d.     Any person, prior to receiving Confidential Documents under Paragraph 3, shall be furnished with a copy of this Order and shall execute an acknowledgement in the form of Exhibit A reflecting the same and agreeing to be bound by its terms, and to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Documents or to this Order, including any proceeding relating to the enforcement of the Order. An original of each such acknowledgement shall be delivered to the Producing Party within seven (7) days of execution.

    4.     Any party or its counsel may provide access to the Confidential Documents to any other party in the captioned proceedings who requests such access, for use in connection with these proceedings, and the Requesting Party may provide access to the Confidential Documents to the following persons on the following terms and conditions:

       a.     Its officers and employees for the sole purpose of assisting counsel in connection with this action;

       b.     Counsel, including in-house counsel identified as witnesses to this case, and all partners and associates thereof who are performing legal services in connection with this action;

       c.     Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

{5931 ORD A0200639.DOC}

4

d.     Clerical personnel and paralegal assistants employed by counsel for the parties;

e.     Employees of outside copy services used to make copies of discovery materials;

f.     Such other persons (including experts and their staffs) as may hereafter be qualified to receive the Confidential Documents in this action pursuant to the provisions of Paragraph 3 of this Order.

5.     Confidential Documents shall be used only for the purpose of this action.

6.     Confidential Documents or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access under this Protective Order.

7.     Confidential Documents shall not include any document, information or other materials which:

a.     has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

b.     is not under law entitled to be treated as confidential; or

c.     is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

8.     If Confidential Documents are disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately, or as soon

{5931 ORD A0200639.DOC}

5

as practicable, bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every effort to prevent further disclosure.

9. Any person in possession of Confidential Documents shall exercise reasonable and appropriate care with regard to the storage, custody or use of such Confidential Documents in order to ensure that the confidential nature of the same is maintained.

10. Unless the Producing Party otherwise consents in writing, any pleading, paper or other document filed in this action which attaches or directly discloses Confidential Documents shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of this Order.

11. Any deposition transcript that discloses the contents of or substantively discusses Confidential Documents shall not be provided to anyone that is not qualified to receive such Confidential Documents in this action pursuant to the provisions of Paragraph 3, 4 and/or 5 of this Order.

12. The obligations of this Order shall survive the termination of the action and continue to bind the parties and any person that is qualified to receive such Confidential Documents. Within sixty (60) days after the termination of this action by judgment, settlement or otherwise from which no appeal can be brought, each party shall return all documents containing or disclosing Confidential Documents to the Producing Party, or shall destroy all such documents. Notwithstanding any other provision of this paragraph, counsel for any Requesting Party shall have the right to retain Confidential Documents for archival purposes only, as well as a copy of pleadings, deposition transcripts and deposition or trial exhibits in its offices.

{5931 ORD A0200639.DOC}

1

2

3      Date: March 19, 2008                    **NEISAR & WHYTE LLP**

4
                                              By:   Robert O. Whyte ∫∠D(  (as authorized)
5                                                                            3/19/08
                                                    Robert O. Whyte
6                                                   **NEISAR & WHYTE LLP**
                                                    Attorneys for Plaintiff/Counter-Defendant
7                                                   PicketFence, Inc. doing business as
                                                    SandBox Studio
8

9      Date: March 19, 2008                    **SHAW GUSSIS FISHMAN GLANTZ**
10                                             **WOLFSON & TOWBIN LLC**

11
                                              By:   Jeffrey L. Widman ∫∠D(  (as authorized)
12                                                                           3/19/08
                                                    Jeffrey L. Widman *(Admitted Pro Hac Vice)*
13                                                  **SHAW GUSSIS FISHMAN GLANTZ**
14                                                  **WOLFSON & TOWBIN LLC**
                                                    Attorneys for Defendant /Counter- Claimant
15                                                  R.R. Donnelley & Sons Company

16

17     Date: March 19, 2008                    **FUTTERMAN & DUPREE LLP**

18
                                              By:    /s/ Jamie L. Dupree
19                                                  Jamie L. Dupree
                                                    **FUTTERMAN & DUPREE LLP**
20                                                  Attorneys for Defendant /Counter- Claimant
                                                    R.R. Donnelley & Sons Company
21

22

23

24     Date: March ____21____, 2008           IT IS SO ORDERED:
25
26
27                                             The Honorable James Larson

28

{5931 ORD A0200639.DOC}

7

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

{5931 ORD A0200639.DOC}

8